**FILED**

Jeffrey A. Apperson, Clerk

JUN 0 6 2007

U. S. DISTRICT COURT
WEST'N DIST. KENTUCKY

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

**CRIMINAL ACTION NO. 05-139-C**

**UNITED STATES OF AMERICA,**

**PLAINTIFF,**

**V.**                    **JURY INSTRUCTIONS**

**COREY L. GUTHRIE**

**DEFENDANT.**

* * * * * * * * * *

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every criminal case.

Then I will explain the elements, or parts, of the crimes that the defendant is accused of committing.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

**INSTRUCTION NO. 1**

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in Court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

## INSTRUCTION NO. 2

As you know, the defendant has pleaded not guilty to the crimes charged in the Indictment. The Indictment is not any evidence at all of guilt. It is just the formal way that the government tells the defendant what crimes he is accused of committing. It does not even raise any suspicion of guilt.

Instead, the defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent. This presumption of innocence stays with him unless the government presents evidence here in Court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

This means that the defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the government to prove that he is guilty, and this burden stays on the government from start to finish. You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

The government must prove every element of the crimes charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that

you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

### INSTRUCTION NO. 3

You must make your decision based only on the evidence that you saw and heard here in Court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of Court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; the stipulations that the lawyers agreed to; and the facts that I have judicially noticed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way. Make your decision based only on the evidence, as I have defined it here, and nothing else.

## INSTRUCTION NO. 4

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

## INSTRUCTION NO. 5

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining. Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## INSTRUCTION NO. 6

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you took notes, you should rely upon your own independent recollection of the proceedings and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been.

**INSTRUCTION NO. 7**

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

(A)  Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(B)  Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

(C)  Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D)  Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

(E)  Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(F)  Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something or failed to say or do something at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(G)  And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

**INSTRUCTION NO. 8**

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

## INSTRUCTION NO. 9

There is one more general subject that I want to talk to you about before I begin explaining the elements of the crimes charged.

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in Court.

## INSTRUCTION NO. 10

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crimes that the defendant is accused of committing.

But before I do that, I want to emphasize that the defendant is only on trial for the particular crimes charged in the Indictment. Your job is limited to deciding whether the government has proved the crimes charged.

Also keep in mind that whether anyone else should be prosecuted and convicted for these crimes is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proved the defendant guilty. Do not let the possible guilt of others influence your decision in any way.

**INSTRUCTION NO. 11**

The defendant has been charged with several crimes. The number of charges is no evidence of guilt, and this should not influence your decision in any way. It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one. For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular charge.

## INSTRUCTION NO. 12

Title 18, United States Code, Section 2119, makes it a federal crime or offense for anyone to take or attempt to take a motor vehicle that has been transported, shipped or received in interstate or foreign commerce from the person or presence of another, by force and violence or by intimidation with the intent to cause death or serious bodily harm. Count 1 of the Indictment charges the defendant with committing this offense.

The defendant can be found guilty of this offense only if all of the following facts are proved beyond a reasonable doubt:

First: That the defendant took a motor vehicle from the person or presence of another;

Second: That the defendant did so by force and violence or by intimidation;

Third: That the motor vehicle previously had been transported, shipped, or received in interstate or foreign commerce; and

Fourth: That the defendant intended to cause death or serious bodily harm when the defendant took the motor vehicle.

The term "took a motor vehicle from the person or presence of another" means taking control of a victim's vehicle, even if the defendant does not force the victim to relinquish it.

The term "by force and violence" means the use of actual physical strength or actual physical violence.

The term "by intimidation" means the commission of some act or the making

of some statement that would put a reasonable person of ordinary sensibilities in fear of bodily harm. It is not necessary for the government to prove that the alleged victim was actually placed in fear.

The phrase "transported, shipped or received in interstate or foreign commerce" means the movement of a motor vehicle between any place in one state and any place in another state or another country. It is not necessary for the government to prove that the defendant knew that the motor vehicle had moved in interstate or foreign commerce. The government need only prove that the motor vehicle had moved in interstate or foreign commerce.

Whether the defendant "intended to cause death or serious bodily harm" is to be judged objectively from the conduct of the defendant as disclosed by the evidence and from what one in the position of the alleged victim might reasonably conclude. If you find beyond a reasonable doubt that the defendant had such an intent, the government has satisfied this element of the offense.

## INSTRUCTION NO. 13

Count 2 of the Indictment charges the defendant with violating federal law by using or carrying a Harrington & Richardson, model 48, 16-gauge short-barreled shotgun, bearing serial number I56200, during and in relation to a crime of violence, that is, taking a motor vehicle by force, violence, and intimidation. For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

First: That the defendant committed the crime charged in Count 1 of the Indictment. Carjacking is a crime of violence which may be prosecuted in a court of the United States.

Second: That the defendant knowingly used or carried a firearm.

Third: That the firearm was a Harrington & Richardson, model 48, 16-gauge short-barreled shotgun, bearing serial number I56200.

Fourth: That the use or carrying of the firearm was during and in relation to the crime charged in Count 1 of the Indictment.

Now I will give you more detailed instructions on some of these terms.

To establish "use," the government must prove active employment of the firearm during and in relation to the crime charged in Count 1 of the Indictment. "Active employment" means activities such as brandishing, displaying, and most obviously, firing or attempting to fire, a firearm. "Use" also includes a person's reference to a firearm in his possession for the purpose of helping to commit the crime charged in Count 1. "Use" requires more than mere possession or storage.

"Carrying" a firearm includes carrying it on or about one's person. "Carrying" also includes knowingly possessing and conveying a firearm in a vehicle which the person accompanies including in the glove compartment or trunk.

The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive.

The term "short-barreled shotgun" means a shotgun having one or more barrels less than eighteen inches in length and any weapon made from a shotgun (whether by alteration, modification or otherwise) if such a weapon as modified has an overall length of less than twenty-six inches.

The term "during and in relation to" means that the firearm must have some purpose or effect with respect to the crime charged in Count 1 of the Indictment; in other words, the firearm must facilitate or further, or have the potential of facilitating or furthering the crime charged in Count 1, and its presence or involvement cannot be the result of accident or coincidence.

The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any of these elements, then you must find the defendant not guilty of this charge.

## INSTRUCTION NO. 14

Title 26, United States Code, Section 5861(d), makes it a federal crime or offense for anyone to possess certain kinds of firearms that are not registered to him in the National Firearms Registration and Transfer Record. Count 3 of the Indictment charges the defendant with committing this offense.

Title 26, United States Code, Section 5845, defines "firearm" as including a shotgun having a barrel or barrels of less than 18 inches in length.

The defendant can be found guilty of this offense only if all of the following facts are proved beyond a reasonable doubt:

First: That the defendant possessed a "firearm," as defined above; namely, a Harrington & Richardson, model 48, 16-gauge shotgun, bearing serial number I56200, with a barrel length of less than 18 inches and an overall length of less than 26 inches;

Second: That the "firearm" was not then registered to the defendant in the National Firearms Registration and Transfer Record; and

Third: That the defendant knew of the specific characteristics or features of the firearm that caused it to be registrable under the National Firearms Registration and Transfer Record.

You will notice that it is not necessary for the government to prove that the defendant knew that the item described in the indictment was a "firearm" which the law requires to be registered; it is sufficient if the government has proved beyond a reasonable doubt that the defendant knew or was aware of the specific

characteristics or features of the firearm that caused it to be within the scope of the Act, namely, a shotgun having a barrel length of less than 18 inches and an overall length of less than 26 inches, and that it was not then registered to the defendant in the National Firearms Registration and Transfer Record.

Next, I want to explain something about possession. The government does not necessarily have to prove that the defendant physically possessed the Harrington & Richardson, model 48, 16-gauge shotgun, bearing serial number I56200, with a barrel length of less than eighteen inches and an overall length of less than 26 inches for you to find him guilty of this crime. The law recognizes two kinds of possession – actual possession and constructive possession. Either one of these, if proved by the government, is enough to convict.

To establish actual possession, the government must prove that the defendant had direct, physical control over the shotgun, and knew that he had control of it.

To establish constructive possession, the government must prove that the defendant had the right to exercise physical control over the shotgun, and knew that he had this right, and that he intended to exercise physical control over the shotgun at some time, either directly or through other persons.

For example, if you left something with a friend intending to come back later and pick it up, or intending to send someone else to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend.

But understand that just being present where something is located does not

equal possession. The government must prove that the defendant had actual or constructive possession of the Harrington & Richardson, model 48, 16-gauge shotgun, bearing serial number 156200, with a barrel length of less than 18 inches and an overall length of less than 26 inches, and knew that he did, for you to find him guilty of the crime. This, of course, is all for you to decide.

## INSTRUCTION NO. 15

For you to find the defendant guilty of the crimes alleged in Count 1 or Counts 1 and 2 of the Indictment, it is not necessary for you to find that he personally committed these crimes. You may also find him guilty if he intentionally helped or encouraged someone else to commit these crimes. A person who does this is called an aider and abettor.

But for you to find the defendant guilty as an aider and abettor, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

First, that the crime alleged in Count 1 (carjacking) or the crimes alleged in Counts 1 and 2 (carjacking and using, carrying, brandishing, or discharging a firearm during and in relation to a carjacking) were committed.

Second, that the defendant helped to commit the crimes or encouraged someone else to commit the crimes.

And third, that the defendant intended to help commit or encourage the crimes.

Proof that the defendant may have known about the crimes, even if he was there when they were committed, is not enough for you to find him guilty. You can consider this in deciding whether the government has proved that he was an aider and abettor, but without more it is not enough.

What the government must prove is that the defendant did something to help or encourage the crimes with the intent that the crimes be committed.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on these charges. If you have a reasonable doubt about any one of these elements, then you cannot find the defendant guilty of carjacking or using, carrying, brandishing, or discharging a firearm during and in relation to a carjacking as an aider and abettor.

## INSTRUCTION NO. 16

That concludes the part of my instructions explaining the elements of the crimes. Next I will explain some rules that you must use in considering some of the testimony and evidence.

## INSTRUCTION NO. 17

You have heard the testimony of Mr. Ronald Kemp. You have also heard that he was involved in the same crimes that the defendant is charged with committing. You should consider Mr. Kemp's testimony with more caution than the testimony of other witnesses.

Do not convict the defendant based on the unsupported testimony of such a witness, standing alone, unless you believe his testimony beyond a reasonable doubt.

The fact that Mr. Kemp has pleaded guilty to a crime is not evidence that the defendant is guilty, and you cannot consider this against the defendant in any way.

## INSTRUCTION NO. 18

You have also heard that the government has promised Mr. Kemp that it will consider making a motion for a reduced sentence in his case in exchange for his cooperation.

It is permissible for the government to make such a promise. But you should consider Mr. Kemp's testimony with more caution than the testimony of other witnesses. Consider whether his testimony may have been influenced by the government's promise.

Do not convict the defendant on the unsupported testimony of such a witness, standing alone, unless you believe his testimony beyond a reasonable doubt.

## INSTRUCTION NO. 19

A defendant has an absolute right not to testify. The fact that he did not testify cannot be considered by you in any way. Do not even discuss it in your deliberations.

Remember that it is up to the government to prove the defendant guilty beyond a reasonable doubt. It is not up to the defendant to prove that he is innocent.

**INSTRUCTION NO. 20**

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in Court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

## INSTRUCTION NO. 21

Remember that you must make your decision based only on the evidence that you saw and heard here in Court. Do not try to gather any information about the case on your own while you are deliberating.

For example, do not conduct any experiments inside or outside the jury room; do not bring any books, like a dictionary, or anything else with you to help you with your deliberations; do not conduct any independent research, reading or investigation about the case.

Make your decision based only on the evidence that you saw and heard here in Court.

## INSTRUCTION NO. 22

Your verdict, whether it is guilty or not guilty, must be unanimous.

To find the defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

To find him not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous.

## INSTRUCTION NO. 23

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that -- your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

## INSTRUCTION NO. 24

If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

### INSTRUCTION NO. 25

I have prepared a verdict form that you should use to record your verdict.

If you decide that the government has proved the charges against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the government has not proved the charges against him beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. Your foreperson should then sign the form, put the date on it, and return it to me.

## INSTRUCTION NO. 26

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**CRIMINAL ACTION NO. 05-139-C**

**UNITED STATES OF AMERICA,**                                    **PLAINTIFF,**

**V.**                              **VERDICT FORM**

**COREY L. GUTHRIE**                                             **DEFENDANT.**

* * * * * * * * * * *

We, the Jury, find the defendant, Corey L. Guthrie, as to:

COUNT 1:                    GUILTY _____    NOT GUILTY _____

COUNT 2:                    GUILTY _____    NOT GUILTY _____

COUNT 3:                    GUILTY _____    NOT GUILTY _____

_____

Foreperson

_____

Date